### *In re* OCKERSHAUSEN'S ESTATE.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

**EXECUTORS AND ADMINISTRATORS—ORDER OF DISTRIBUTION.**

An order for a partial distribution and the conveyance of land to the heirs will not be disturbed because made during the pendency of the executor's accounting and an action against him for the same object when sufficient funds are left in his hands to pay all liabilities.

Appeal from surrogate's court. Richmond county.

An appeal by George P. Ockershausen, executor of the late Adolphus F. Ockershausen, from an order, made on the petition of Henry A. Ockershausen, directing him to make partial distribution, and to convey land to the heirs of his testator.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Woodward & Buckley,* for appellant.     *Wm. M. Mullen,* for respondent.

BARNARD, P. J.   George P. Ockershausen was appointed executor of deceased on the 12th of May, 1877.   In August, 1879, one of the children of testator petitioned for an accounting before the surrogate of Richmond county, where testator resided before and at the time of his death.   The executor thereupon asked for a final accounting.   On the 13th of October, 1879, at the return of the executor's citation, he filed his accounts with the surrogate. Henry A. Ockershausen, who had originally asked for an accounting, filed objection, and the issue was sent to an auditor, and is still pending.   Two supplemental accounts have been since filed by the executor, and the same heir has made objections to them, and they are still pending before a referee. On the 19th of September, 1889, Henry A. Ockershausen brought an action in the supreme court against the executor for an accounting, and also against him as surviving partner of Ockershausen Bros.   This action is at issue and undetermined.   In August, 1889, the contestant applied upon motion before the surrogate of Richmond county to obtain an order of distribution of the estate, and this order was granted so far as to order the distribution of $6,000 and the conveyance of a piece of land to and among the heirs of deceased. This application was based in part upon a record and proceedings in the matter of the same estate mentioned in March, 1889, which is not returned with the papers.   A partial distribution was then made, and the allegation that the executor showed by his accounts that he had from $12,000 to $15,000, without a claim upon it beyond a couple of thousand dollars, must be referred to this account, and must be deemed to be supported by it.   Sections 2717, 2718, Code, give power to the surrogate to make the order.   The remedy which a distributee has under these sections is not within the principle that two proceedings are pending for the same thing, and that the first in time is first in right.   The partial distribution can be made while the contest over items which affect the general settlements is going on.   The surrogate will not order a distribution so as to make the executor liable for the same money upon final accounting.   If the facts are stated correctly in the papers, the surrogate left more than enough in the executor's hands to cover all liabilities. The order should be affirmed, with costs and disbursements.   All concur.